EDISON GENERAL ELECTRIC CO. v. CROUSE-HINDS ELECTRIC CO.

(Circuit Court of Appeals, Second Circuit. March 12, 1907.)

No. 231.

1. PATENTS—CONSTRUCTION OF CLAIMS.

Where an alleged element or characteristic feature of an invention is not necessarily inherent in the invention itself, the failure of the patentee to refer to it is persuasive evidence that it is not within the scope of his invention, and, not being disclosed to the public, it should not be read into the patent.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 38, Patents, § 241.]

2. SAME—INFRINGEMENT—LAMP SOCKET.

The Metzger patent, No. 489,682, for an electric lamp socket, which as stated in the specification consists primarily in a socket having an in-

sulating body with an extension on which the terminals are mounted, cannot be construed to cover a secondary structure not having such extension, no such device being shown in the specification or drawings, and all the claims must be construed to include the extension as an element. As so construed, *held* not infringed.

Appeal from the Circuit Court of the United States for the Northern District of New York.

This cause comes here on appeal from an interlocutory decree of the United States Circuit Court for the Northern District of New York, adjudging validity, and infringement by defendant, of claims 5 and 7 of complainant's patent, No. 489,682, granted January 10, 1893, to Amandus Metzger, for a lamp socket. The opinion of the court below is reported in 146 Fed. 539.

Arthur E. Parsons, for appellant.

Samuel Owen Edwards, for appellee.

Before LACOMBE, TOWNSEND, and COXE, Circuit Judges.

TOWNSEND, Circuit Judge. The patentee in his specification says as follows:

"The invention consists primarily in a socket having an insulating body with an extension on which the terminals are mounted in the manner hereinafter set forth, and the invention consists also in the several combinations hereinafter described and claimed. * * *

"In constructing the socket, I form an insulating base, 1, of rubber, porcelain, or other insulating material, having at the center an integral extension, 2, considerably smaller than the main part of the body and, when the socket is to be used as a stand or wall socket, a circumferential rib or flange, 3. The extension, 2, is preferably provided on its outer face or end with a depression or ledge, 4, on which an inwardly bent flange, 5, on the bottom of the ring terminal, 6, rests, and said terminal is securely held in place by a U-shaped clamping piece, 7, which is adapted to rest on said flange and to surround the central raised portion, 8, of the insulating extension. * * *

"In Fig. 5, the insulating base is much smaller than in Figs. 1, 2, and 3, but is larger than the extension. * * *

"The extension, 2, is formed in substantially the same manner as above described."

Counsel for complainant argues as follows:

"Thus the patent details two forms; one comprising a structure in which the insulating foundation is provided with an 'extension' upon which the metallic parts are secured, and the other comprising a structure in which the insulating foundation has no such extension, but upon which the metallic parts are mounted directly. This distinction it is important to note, for it is carried out in the claims of the Metzger patent, the first four of which refer to the form first named, the 'insulating body with an extension,' while the remaining three are drawn upon the second form in which the 'extension' is dispensed with, the metallic parts being mounted directly upon the 'insulating body.'"

The expert for the complainant testified as follows:

"23 X-Q. In the drawing of the Metzger patent, which of the figures shows a lamp socket not containing the extension 2?

"A. Neither of them.

"24 X-Q. Please refer by page and line to the parts of the specification which state that the Metzger lamp socket may be unprovided with the extension 2, and in answering this question, if you will, kindly omit any refer-

ence to the claims. Also omit all other portions of the specification, so that the quotation called for may stand by itself.

"A. The statement of the specification which indicates that the Metzger lamp socket may be unprovided with the extension 2 is indirect, rather than direct and specific. I have referred to it at the opening of my answer to question 4. There is no statement in the specification in exact accordance with the requirement of the present question.

"25 X-Q. The quotation to which you refer in your last answer includes also other matter, and is found at lines 8 to 19 inclusive, page 1, according to my understanding. Will you please now quote, solely by itself, the portion of the specification inquired about in X-Q. 24?

"A. I have intended to be understood by my last answer that the only statement in the specification of the Metzger patent bearing upon the matter of 24 X-Q. is an indirect one, and that I do not find any direct statement which I can quote.

"26 X-Q. Kindly quote from the specification, omitting reference to the claims, the parts of the specification from which you draw the inference that Metzger had in mind disclosing a lamp socket in which the extension, 2, was not present?

"A. It is included in the quotation specified in 25 X-Q., and is in the following words: '* * * The invention consists also in the several combinations hereinafter described and claimed.' I have at several points in my direct testimony referred to this passage as indicating what may be called the secondary features of the disclosure as an entirety, in contrast with what the prior part of the same sentence designates as primary invention.

"27 X-Q. And this subject-matter which you understand the patent designates as the 'primary invention,' you do not find in complainant's exhibits defendant's sockets or receptacles 1, 2, and 3? Is not this so?

"A. Yes.

"28 X-Q. And if, as a matter of law or fact, the claims in controversy must be held or construed to include this 'primary invention,' viz., the extension, 2, then you would not find in defendant's sockets, 1, 2, and 3, complainant's exhibits herein, the subject-matter of such claims 5, 6, and 7? Is not this so?

"A. It is."

"Witness makes the following statement: 'In reading again the last question, X-Q. 28, I think it possible that the court may attach to its terms a meaning other than that which it conveyed to me at the time of making my answer to it. The idea that I intended that answer to convey is that, if claims 5, 6, and 7 must be held or construed to include an additional element, not stated in either of those claims, namely, the extension, 2, of the specification and drawings, then I would not find in complainant's exhibits, defendant's sockets Nos. 1, 2, and 3, the entire combinations of those claims, because, as I understand the matter, the extension, 2, which is illustrated and described in the drawings and specifications, is not present in those exhibits.' "

The sole affirmative support for complainant's contention on this point is found in the above quotation by its expert from the language of the specification. Such general language is frequently inserted in patents which cover sub-combinations of a broad invention.

In the case at bar the alleged secondary invention is limited in terms to "the several combinations hereinafter described and claimed." But, while the brief specification elaborately describes the details of various constructions of said extension, and refers to it in some 12 instances, and illustrates it in all of the drawings, there is not a line in the specification which even suggests that it may be dispensed with, or indicates any construction of which it is not an integral and apparently essential part. We are of the opinion that, as the specification nowhere describes a socket unprovided with such extension, said general reference to "the several combinations hereinafter described and claimed"

cannot be so construed as to include a combination which necessarily excludes the primary feature of the invention, expressly described. as "an insulating body with an extension" or the "central extension."

Even the claims in suit, from which it is contended that the extension is omitted, refer, respectively, to "the flange or projection resting on a part of said insulating body," claim 5, or "the combination of an insulating body," etc., claim 7, whose clamping piece, counsel for complainant says, "extends, as the lower court found, around three sides of the central terminal, and therefore of the central raised portion, 8," described in the patent as "the central raised portion 8 of the insulating extension," all "substantially as described." And claim 6, held to be void by the court below, covers "a flange resting on said ledge"; the ledge being described in the specification as part of the extension. Where an alleged element or characteristic feature of an invention is not necessarily inherent in the invention itself, the failure of the patentee to refer to such alleged feature is persuasive evidence that it is not within the scope of his invention, and, not being disclosed to the public, it should not be read into the patent.

A fortiori must this principle be applied. where the patentee in his specifications has limited himself to what he states to be his primary invention, and to "the several combinations hereinafter described and claimed," and where the combinations upon which the contention of infringement is based are neither described, claimed, nor illustrated. Inasmuch, therefore, as we are of the opinion that the claims in suit must be construed to include the extension, and as it is expressly admitted that defendant's sockets do not contain said extension, there is no infringement.

The decree of the court below is reversed, with costs, and the cause is remanded to the court below, with instructions to dismiss the bill.